CASTLEGLEN, INC., a California corporation, and Larry B. Harvey, an individual, Plaintiffs,

v.

COMMONWEALTH SAVINGS ASSOCIATION, a Texas savings and loan association; Klein Financial Corporation, a California corporation; Robert N. Klein II, an individual; and Santa Fe Apartments, Ltd., a Utah Limited Partnership; Busch Management Company, a Utah corporation, and Neal B. Christensen, Defendants.

EMERSON REALTY & MANAGEMENT, Plaintiff,

v.

CASTLEGLEN, INC., et al., Defendants.

Civ. Nos. C–87–829W, C–87–1076W.

United States District Court, D. Utah, C.D.

June 24, 1988.

Earl M. Benjamin, John A. O'Malley, Steven J. Renshaw, Jack A. Gould, Los Angeles, Cal., David B. Erickson, Salt Lake City, Utah, for plaintiffs Castleglen and Harvey.

Michael R. Carlston, R. Brent Stephens, Stanley K. Stoll, Jerry D. Fenn, Salt Lake City, Utah, for defendants Santa Fe and Busch.

Gary F. Bendinger, Richard W. Casey, Carol Clawson, Salt Lake City, Utah, for defendants Klein Financial Corp. and Robert Klein II.

Patricia W. Christensen, Salt Lake City, Utah, for defendant Commonwealth Sav. Ass'n.

Neal B. Christensen, Wicat Systems, Orem, Utah, pro se.

Dennis L. Mangrum, Salt Lake City, Utah, for plaintiff Emerson Realty & Management.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendants', Santa Fe Apartments Ltd.'s and Busch Management Company's, motion to dismiss plaintiff's, Castleglen, Inc.'s, first amended complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). This court heard oral arguments on June 7, 1988. John A. O'Malley and David B. Erickson represented Castleglen. Michael R. Carlston and Jerry D. Fenn represented Santa Fe and Busch. Also present were Patricia W. Christensen representing Commonwealth Savings Association and Carol Clawson representing Klein Financial Corporation and Robert Klein II. Prior to the hearing the court had read all documents properly

submitted by the parties.[1] After oral arguments the court took the matters under advisement. After further consideration and research the court now renders the following memorandum decision and order.

### Standard in a 12(b)(6) Motion

In deciding defendants' motion to dismiss for failure to state a claim upon which relief can be granted the court must take as true all well pled material facts in the plaintiff's complaint. *Hospital Building Company v. Trustees of Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed. 2d 338 (1976). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### Allegations in this Case

Plaintiff alleges that Commonwealth and Klein violated various federal security laws in the transaction at issue in this case, and that Santa Fe and Busch are liable for Commonwealth's and Klein's security frauds under a respondeat superior theory.

Plaintiff has alleged that Commonwealth and Klein acted as Santa Fe and Busch's agents. *See* ¶ 19, 33, 36, 40, 44, and 60 of plaintiff's first amended complaint. Thus, for purposes of this motion the court is assuming that Castleglen has pled facts which would expose Santa Fe and Busch to vicarious liability for their agent's mis-

deeds under a respondeat superior theory if this case were an ordinary tort case.[2]

### Issue

The issue presented is whether 15 U.S.C. § 78t(a) precludes vicarious liability under a common law respondeat superior theory.

### Analysis

15 U.S.C. § 78t(a) commonly referred to as § 20(a) of the 1934 Security Act provides:

(a) Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

At least one federal circuit has held that imposing strict liability against an employer for an agent's misdeeds under a respondeat superior theory is inconsistent with the good faith defense which Congress provided in § 20(a). *Zweig v. Hearst Corporation,* 521 F.2d 1129, 1132 (9th Cir.1975).

The defendants argue that the Second Circuit in *Lanza v. Drexel & Company,* 479 F.2d 1277 (2nd Cir.1973), refused to allow vicarious liability in a security fraud action because it would unduly interfere with § 20(a)'s good faith exception. Although the defendants cannot be faulted for reading *Lanza* to stand for that propo-

1. The local rules for this district allow the parties to file a memorandum in support of a motion, a memorandum in opposition to a motion, and a reply memorandum if the opposition memorandum raises any new issues. Utah District Court Local Rule 5(e). No additional memoranda can be considered without leave of court. After all of the above memoranda had been filed Castleglen's attorney submitted a supplemental memorandum. Plaintiff did not seek leave of court prior to filing this supplemental memorandum. Given the history of this case the court must insist that all applicable procedural rules be complied with to insure that this matter progresses in an orderly manner. Ac-

cordingly, this court is not considering plaintiff's supplemental memorandum in deciding this motion.

2. Defendants raised an argument that plaintiff has not pled fraud with the particularity required by Federal Rule of Civil Procedure 9(b). In light of this court's memorandum decision and order dated February 12, 1988 in which this court held that plaintiff has met the burden of pleading fraud with particularity against Commonwealth and Klein plaintiff has pled fraud, which Santa Fe and Busch might be vicariously liable for, with the particularity required by Federal Rule of Civil Procedure 9(b).

sition,[3] later cases from the Second Circuit expressly hold:

> There is no warrant for believing that section 20(a) was intended to narrow the available remedies ... or to create a novel defense in cases otherwise governed by traditional agency principles. *Marbury Management, Inc. v. Kohn,* 629 F.2d 705 (2nd Cir.1980).

The Fourth Circuit also has confusing authority. In *Carras v. Burns,* 516 F.2d 251 (4th Cir.1975), and *John Hopkins University v. Hutton,* 422 F.2d 1124, 1130 (4th Cir.1970), the court held that an employer could be held liable under a respondeat superior theory for an employee's security fraud. However, in *Carpenter v. Harris, Upham & Company, Inc.,* 594 F.2d 388 (4th Cir.1979) the court held that controlling person liability requires culpable participation. At least one Fourth Circuit court has read *Carpenter* as impliedly overruling both *Carras* and *John Hopkins.* *See Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. 1303, 1307–13 (E.D.Va. 1981). Not all courts in the Fourth Circuit agree with the *Haynes* analysis. *See Frankel v. Wyllie and Thornhill, Inc.,* 537 F.Supp. 730, 740–42 (W.D.Va.1982) (holding that Fourth Circuit authority allows respondeat superior liability in a security fraud action; expressly rejecting *Haynes* ). *See also Baker v. Wheat First Securities,* 643 F.Supp. 1420 (S.D.W.Va.1986).

The Third Circuit has mixed authority. *See Rochez Brothers, Inc. v. Rhoades,* 527 F.2d 880, 886 (3rd Cir.1975) (agency principles—respondeat superior—are not applicable to determine secondary liability in a securities violation case); *Sharp v. Coopers & Lybrand,* 649 F.2d 175, 181–83 (3rd Cir.1981) (vicarious liability is applicable in broker-dealer cases or other cases where the principle owes a high duty of care to supervise an agent's conduct).

Defendants urge this court to accept the Third Circuit's reasoning and only apply vicarious liability in security fraud actions when the principal owes a high duty of care to supervise the wrongdoer's conduct. The defendants argue that the seller of a security does not have a heightened duty to supervise his agents, and thus under the Third Circuit approach plaintiff's complaint should be dismissed.

 If this court were to accept the Third Circuit's reasoning this court would in effect be redrafting the statute to preclude respondeat superior liability under federal security laws except when the court feels a heightened duty of care is owed to the victim. This court is of the opinion that judicially creating an exception which Congress did not create is unwarranted. Further, this selective application of respondeat superior is unnecessary. Controlling persons who violate their heightened duty of care to supervise an employee will rarely be able to qualify for the section 20(a) good faith defense. *See Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. 1303, 1314 (E.D.Va.1981).

Thus, this court is not willing to accept the Third Circuit's selective application of respondeat superior.

The Tenth Circuit has not discussed the effect of section 20(a) on a principal's liability for an agent security fraud. However, in *Kerbs v. Fall River Industries, Inc.,* 502 F.2d 731, 740–41 (10th Cir.1974), the court held a corporation could be vicariously liable for its president's security fraud because the president had apparent authority to act for the corporation. Some courts have read the *Kerbs* case for the proposition that the Tenth Circuit allows liability under a respondeat superior theory in security fraud cases. *In re Atlantic Financial Management, Inc.,* 784 F.2d 29, 30 (1st Cir.1986). Other courts do not read *Kerbs* as broadly, acknowledging that the Tenth Circuit has not expressly decided the controlling person/respondeat superior issue. *Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. 1303, 1309 (E.D.Va.1981). The Tenth Circuit in the *Kerbs* case never discussed the effect of section 20(a) on respondeat superior liability. Thus, this court is

---

**3.** Other circuits have also read the *Lanza* case as holding that § 20(a) excludes liability under a respondeat superior theory. *See Woodward v.* *Metro Bank of Dallas,* 522 F.2d 84, 94 n. 22 (5th Cir.1975).

of the opinion that there is no direct Tenth Circuit authority on point.

A majority of circuits have expressly held that section 20(a) has not displaced respondeat superior liability in a security fraud case. *In re Atlantic Financial Management, Inc.*, 784 F.2d 29 (1st Cir. 1986); *Marbury Management, Inc. v. Kohn*, 629 F.2d 705 (2nd Cir.1980); *Paul F. Newton & Company v. Texas Commerce Bank*, 630 F.2d 1111 (5th Cir.1980); *Holloway v. Howerdd*, 536 F.2d 690 (6th Cir. 1976); *Fey v. Walston & Company, Inc.*, 493 F.2d 1036 (7th Cir.1974); *Commerford v. Olson*, 794 F.2d 1319 (8th Cir.1986).

This court is persuaded by the reasoning in the above cases. Congress intended section 20(a) to expand liability rather than to contract liability under the Security Act. *In re Atlantic Financial Management, Inc.*, 784 F.2d at 33. Persons who effectively control persons who commit security violations often would not be subject to liability under traditional agency theories. Congress intended section 20(a) to impose liability on persons who might attempt to avoid liability under common law principles by utilizing "dummies" that would act in their place and under their control. *Paul F. Newton & Company v. Texas Commerce Bank*, 630 F.2d at 1115. Thus, Congress' intent in passing section 20(a) was to expand liability under the security laws to catch controlling persons who might escape liability under traditional common law concepts.

Under this expanded basis for liability, controlling persons such as lenders, stockholders, and corporate officers have been vicariously liable for a controlled persons' security fraud even though under traditional agency theories the controlling person would not have been vicariously liable. *See Technology Exchange Corporation of America, Inc. v. Grant County State Bank*, 646 F.Supp. 179 (D.Colo.1986) (lender liable as controlling person); *Drobbin v. Nicolet Instrument Corp.*, 631 F.Supp. 860 (S.D.N.Y.1986) (stockholder liable as controlling person); *Securities & Exchange Commission v. Blinder Robinson & Company, Inc.*, 542 F.Supp. 468 (D.Colo.1982) (corporate officer liable as controlling person).

Though the intent of Congress in passing section 20(a) was to hold controlling persons more accountable, Congress naturally hesitated to drastically expand liability to a class of persons who at common law would not have been liable for another's security fraud. Thus, Congress included the good faith defense in section 20(a). However, in reviewing the history of section 20(a) and the cases interpreting section 20(a) this court is of the opinion that Congress did not intend to displace common law theories of liability when those common law theories are applicable. In fact, section 16 of the 1933 Security Act, 15 U.S.C. § 77p, provides:

> The rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies that may exist at law or in equity.

Section 28 of the 1934 Security Act, 15 U.S.C. § 78bb, provides in pertinent part:

> The rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies that may exist at law or in equity.

The Federal Security statutes are remedial and must be construed broadly. *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 151, 92 S.Ct. 1456, 1471, 31 L.Ed.2d 741 (1972). If this court were to hold that section 20(a) precludes respondeat superior liability the end result is that the controlling person provision acts as a limitation, rather than an expansion, on liability. Rather than being subject to vicarious liability merely upon the showing of an agency relationship principals will have a defense which had previously been unavailable. As a result, the investing public has a less effective remedy against principals for the fraudulent conduct of the principal's agents. "If Congress did indeed intend this result, no doubt the investing public will ask Congress not to do it any more favors." *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. at 1313.

### Conclusion

Thus, this court is of the opinion that Congress intended section 20(a) to extend

the reach of the federal security laws to those not subject to liability under traditional agency theories. However, by inserting the good faith provision into section 20(a) Congress did not intend to displace available common law remedies. Accordingly, Santa Fe's and Busch's motions to dismiss are denied. This order will serve as the order of the court and counsel need not submit an order.